Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raffi Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Synchrony Bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| Angelica Figueroa,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Synchrony Bank,<br><br>　　　　Defendant. | Case No.:<br><br>[Removal from the Superior Court of California, County of Fresno, Case No. 19CECL03135]<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**<br><br>Action Filed: March 27, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**:

　　**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Synchrony Bank ("Synchrony") hereby files a Notice of Removal for the above-captioned action from the Superior Court of the State of California for the County of Fresno to the United States District Court for the Eastern District of California. In support of this Notice of Removal, Synchrony states as follows:

1.      Synchrony is a named defendant in a lawsuit that was filed on March 27, 2019, in the Superior Court of Fresno, California, styled *Angelica Figueroa v. Synchrony Bank, and Does 1-20, Inclusive*, Case No. 19CECL03135 (the "State Court Action").

2.      On April 3, 2019, counsel for Synchrony received a copy of the Summons, Complaint, and Civil Case Cover Sheet by email from counsel for Plaintiff Angelica Figueroa ("Plaintiff").

3.      On April 10, 2019, Synchrony's counsel signed a Notice and Acknowledgment of Receipt confirming the receipt of a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of all substantive records and proceedings from the state court filed by or served upon Synchrony.

4.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I. Synchrony Has Satisfied The Procedural Requirements For Removal.**

5.      On April 3, 2019, Synchrony's counsel received a copy of the Complaint by email from Plaintiff's counsel. On April 10, 2019, Synchrony's counsel signed a Notice and Acknowledgment of Receipt of having received the Complaint. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

6. This Court is the proper division because it embraces the Superior Court of the State of California for the County of Fresno, where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

7. No previous request has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

**II.   Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

9. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

10. Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).

11. Here, Plaintiff's Complaint purports to assert a claim against Synchrony for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). *See* Complaint ¶¶ 58-63.

12. Plaintiff's Complaint alleges Synchrony is improperly using an automatic telephone dialing system to call Plaintiff's cellular phone, an alleged violation of a federal statute, the TCPA, and consequently Plaintiff's Complaint "arises under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over this claim.

13. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

14. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

1    WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully
2 requests that the above-referenced action, originally filed in the Superior Court of
3 the State of California for the County of Fresno, be removed to this Court pursuant
4 to 28 U.S.C. §§ 1441 and 1446.

6 DATED:  May 3, 2019                                          REED SMITH LLP

8                                                                              By: */s/ Raffi Kassabian*_____
                                                                                      Raffi Kassabian
                                                                                      Attorneys for Defendant
9                                                                                     Synchrony Bank