EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYNCHRONY BANK, and DOES 1-20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANGELICA FIGUEROA

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED

3/28/2019

3/27/2019 4:13 PM

Superior Court of California
County of Fresno
By: S. Lout, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Fresno
B.F. Sisk Courthouse
1130 O Street, Fresno, CA 93721

**CASE NUMBER:**
*(Número del Caso):* 19CECL03135

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Abbas Kazerounian, Mona Amini, Kazerouni Law Group, APC, 245 Fischer Ave, D1, Costa Mesa, CA 92626
Tel: (800) 400-6808

DATE: 3/28/2019          Clerk, by S. Lout, Deputy
*(Fecha)*                *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use *Proof of Service of Summons (form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

E-FILED
3/27/2019 4:13 PM
Superior Court of California
County of Fresno
By: S. Lout, Deputy

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Angelica Figueroa

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF FRESNO – LIMITED CIVIL

| | |
|---|---|
| **ANGELICA FIGUEROA,** <br><br> Plaintiff, <br><br> vs. <br><br> **SYNCHRONY BANK, and DOES 1-20, Inclusive,** <br><br> Defendant(s). | **Case No.:** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788, ET SEQ.;** <br><br> 2) **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.; AND** <br><br> 3) **NEGLIGENCE** <br><br> **JURY TRIAL DEMANDED** |

//
//
//
//
//

## INTRODUCTION

1. Plaintiff ANGELICA FIGUEROA ("Plaintiff"), by and through his attorneys, brings this individual complaint for damages and any other available legal or equitable remedies, to challenge the actions of SYNCHRONY BANK ("Defendant") for unlawfully and abusively attempting to collect an alleged debt allegedly owed by Plaintiff.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights, and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The TCPA was designed to prevent calls and messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

- 2 -
COMPLAINT

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8. Unless otherwise stated, all of the conduct alleged herein occurred in the County of Fresno, State of California.

9. Any and all violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of each named defendant.

### JURISDICTION AND VENUE

11. This Court has personal jurisdiction over Defendant because each Defendant conducts substantial business in the County of Fresno, State of California. Thus, Defendant have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in this state to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. This Court has subject matter jurisdiction over this action because the conduct complained of herein occurred within the County of Fresno, State of California, and within the jurisdiction of this Court.

13. This action arises out of Defendant' violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788, *et seq.*; the Telephone Consumer Protection

1  Act ("TCPA"), 47 U.S.C. §§ 227, *et seq*.; and acts of negligence.

14. Venue is proper in the Superior Court of California for the County of Fresno, Central Division, because Plaintiff resides in the City of Fresno, County of Fresno, State of California, which is within the jurisdiction of this Court.

**PARTIES**

15. Plaintiff is a natural person who resides in the City of Fresno, County of Fresno, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing.

16. Plaintiff is a "debtor" as that term is defined under California Civil Code § 1788.2(h).

17. In addition, Plaintiff is a "consumer" as that term is defined under 15 U.S.C. § 1692a(3).

18. Defendant Synchrony Bank is a corporation organized and existing under the laws of the State of Delaware, with its principal office location in Draper, Utah.

19. At all times relevant, Defendant conducted business in the County of Fresno, State of California.

20. Defendant, during the ordinary course of business, regularly, on behalf of itself and/or others, engages in "debt collection" as that term is defined under California Civil Code § 1788.2(b); and is therefore, a "debt collector" as that term is defined under California Civil Code § 1788.2(c).

21. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing, from a natural person to another person, primarily for personal, family, or household purposes. As such, this action involves a "consumer debt" incurred as the result of a "consumer credit transaction" as those terms are defined under California Civil Code § 1788.2.

22. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate, or otherwise, of the Doe Defendant, are unknown to Plaintiff. Thus, Plaintiff sues these Defendants by such fictitious names pursuant to California Civil Procedure Code § 474. Plaintiff is informed and believes, and alleges thereon, that each defendant designated as a "Doe" is involved in, or is in some manner responsible, as a principal,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events, and/or acts described herein, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these Doe Defendant are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

23. At all times mentioned herein, the Doe Defendants, 1 through 20, were agents or employees of each of their co-Defendant, and by engaging in the conduct alleged herein, each was acting within the scope of their authority as such agent or employee, and with the permission and consent of their co-Defendant, and each of them.

### FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff was and is an individual residing in the State of California.

25. At all times relevant, Defendant did and continues to conduct business in the State of California.

26. Sometime prior to October 2018, Plaintiff allegedly incurred financial obligations to Defendant, in the form of money, property, or their equivalent, which is due or owing, or alleged to be due or owing, by Plaintiff, who is a natural person, to Defendant. Thus, this matter involves a "debt" as that term is defined under California Civil Code §1788.2(d); and additionally, a "consumer debt" as defined under California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5), because the debt was allegedly incurred primarily for personal, family, or household purposes.

27. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt is or was actually owed.

28. As a result of the alleged debt, sometime around October 2018, Plaintiff began to receive numerous telephone calls from Defendant in an attempt to collect the alleged debt. This conduct by Defendant amounts to "debt collection" as that phrase is defined under California Civil Code § 1788.2(b).

29. During the span of October 2018 through January 2019, Defendant placed numerous calls to Plaintiff's cellular telephone number ending in "4705" from various numbers, including numbers with area codes that appeared to Plaintiff to be calls from several different states, including North Carolina, Georgia, and Texas, among others.

30. Through this conduct, Defendant has violated 15 U.S.C. §§ 1692e and 1692e(10) by using deceptive means in connection with its collection or attempts to collect an alleged debt or obtain information from a consumer. These sections are incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

32. In addition, during the span of October 2018 through January 2019, Defendant placed several calls to Plaintiff before 8:00 a.m. and after 9:00 p.m. in attempt to collect upon an alleged debt.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by placing initiating telephonic communications at inconvenient times before to 8:00 a.m. or after 9:00 p.m.. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

34. Through this conduct, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

//

36. In January 2019, Plaintiff demanded that Defendant cease further phone calls and informed Defendant that it was inconvenient for Plaintiff to receive phone calls during working hours.

37. However, despite this explicit request to cease communications with Plaintiff, Defendant continued to repeatedly place calls to Plaintiff through the month of January.

38. Each of the abovementioned telephone calls from Defendant to Plaintiff were attempts to collect upon an alleged debt and thus, "debt collection," as that phrase is defined under California Civil Code § 1788.2(b).

39. Through this conduct, Defendant violated 15 U.S.C. § 1692c, by initiating communications with Plaintiff after Defendant was asked to cease further communication and Defendant was informed that it was inconvenient for Plaintiff to receive calls during working hours.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt. This section is incorporated into the RFDCPA through California Civil Code § 1788.17; thus, Defendant acted in violation of the RFDCPA.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692d(5), by engaging in conduct the natural consequence of which was to cause a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number. This section is incorporated into the RFDCPA through California Civil Code § 1788.17; thus, Defendant acted in violation of the RFDCPA.

42. Through this conduct, Defendant violated California Civil Code § 1788.17, by using unfair and unconscionable means to collect upon an alleged debt. This section is incorporated into the RFDCPA through California Civil Code § 1788.17; thus, Defendant acted in violation of the RFDCPA.

43. As a result of Defendant's willful unfair, oppressive, and abusive conduct described above in connection with Defendant's debt collection activity, Plaintiff suffers and continues to suffer actual damages. Plaintiff has suffered emotional distress by way of stress, frustration, anxiety, humiliation, embarrassment, anger, annoyance, and lost time and incurred expense as a result of Defendant's above-mentioned conduct in violation of the RFDCPA.

44. In each of the above-referenced calls to Plaintiff's cellular telephone, Defendant used an automatic telephone dialing system ("ATDS") as defined under 47 U.S.C. § 227(a)(1), and prohibited under 47 U.S.C. § 227(b)(1)(A).

45. Defendant's ATDS has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. Such capacity is evidenced by the systematic and repetitive telephone calls persisting after Plaintiff's requests that Defendant cease such calls and Plaintiff's notice to Defendant that it was inconvenient for Plaintiff to receive such calls during working hours.

46. Defendant's ATDS has the capacity to, and does, dial telephone number stored as a list or in a database without human intervention.

47. The telephone number that Plaintiff was reached at was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls, pursuant to 47 U.S.C. § 227(b)(1).

48. These unwanted telephone calls each constitutes a call that was not for emergency purposes as defined under 47 U.S.C. § 227(b)(1)(A)(i).

49. Plaintiff expressly revoked any purported consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

50. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

51. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

52. Plaintiff was frustrated and distressed that Defendant continued to place unwanted calls to Plaintiff using an ATDS, caused Plaintiff nuisance and lost time.

53. Defendant's continuous calls to Plaintiff's cellular telephone were unsolicited and initiated without Plaintiff's permission or consent. In fact, any such consent was expressly revoked by Plaintiff when she demanded that Defendant cease such calls.

54. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

//

//

**FIRST CAUSE OF ACTION FOR**

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA")**

**CAL. CIV. CODE §§ 1788, ET SEQ.**

55. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA by Defendant.

57. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for any knowing or willful violation, in an amount up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**SECOND CAUSE OF ACTION FOR NEGLIGENT**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")**

**47 U.S.C. §§ 227, ET SEQ.**

58. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, pursuant to 47 U.S.C. § 227, *et seq*.

60. As a result of Defendant' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**THIRD CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")**

**47 U.S.C. §§ 227, ET SEQ.**

61. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

including but not limited to each and every one of the above-cited provisions of the TCPA, pursuant to 47 U.S.C. §§ 227, *et seq*.

63. As a result of Defendant' knowing and/or willful violations of the TCPA, Plaintiff is entitled to treble damages up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

### FOURTH CAUSE OF ACTION FOR

### NEGLIGENCE

64. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

65. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid contacting Plaintiff after receiving a Cease and Desist Letter from Plaintiff's attorney.

66. Defendant breached their duty of care by continuing to contact Plaintiff directly on multiple occasions after having been put on notice that Plaintiff was represented by counsel, and that Defendant should direct all communications to Plaintiff's attorney and cease contact with Plaintiff.

67. By continuing to contact Plaintiff directly, Defendant actually and proximately caused injuries to Plaintiff in that the telephone calls initiated by Defendant were an invasion of Plaintiff's privacy.

68. Plaintiff suffered damages in the form of invasion of privacy and harassment.

69. Plaintiff believes and alleges that Defendant' conduct constitutes oppressive, malicious, gross, and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and each of them, as follows:

- that Defendant' wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein; and

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws.

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA")**

**CAL. CIV. CODE §§ 1788, ET SEQ.**

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- any other such relief as this Court deems just and proper.

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227, ET SEQ.**

- As a result of Defendant' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- injunctive relief prohibiting such future misconduct, pursuant to 47 U.S.C. § 227(b)(3)(A); and
- any other such relief as this Court deems just and proper.

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227, ET SEQ.**

- As a result of Defendant' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- injunctive relief prohibiting such future misconduct, pursuant to 47 U.S.C. § 227(b)(3)(A); and
- any other such relief as this Court deems just and proper.

//
//

### NEGLIGENCE

- A judgement against each Defendant for general and compensatory damages in an amount to be proven at trial;
- punitive damages in an amount to be determined at trial;
- prejudgment interest in an amount to be determined at trial, pursuant to California Code § 3287(a); and
- any other such relief as this Court deems just and proper.

### TRIAL BY JURY

70. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: March 27, 2019                                Respectfully submitted,

                                                 **KAZEROUNI LAW GROUP, APC**

                                                 By: _____
                                                     ABBAS KAZEROUNIAN, ESQ.
                                                     MONA AMINI, ESQ.
                                                     *Attorneys for Plaintiff*

|  |  | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>— Abbas Kazerounian, Esq. (249203)<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Ave., Unit D1<br>Costa Mesa, CA 92626<br>**TELEPHONE NO.:** (800) 400-6808 **FAX NO.:** (800) 520-5523<br>**ATTORNEY FOR** *(Name):* Plaintiff, Angelica Figueroa<br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO<br>**STREET ADDRESS:** 1130 O Street<br>**MAILING ADDRESS:**<br>**CITY AND ZIP CODE:** Fresno, CA 93721<br>**BRANCH NAME:** B.F. Sisk Courthouse | | **FOR COURT USE ONLY**<br>E-FILED<br>3/29/2019 3:02 PM<br>Superior Court of California<br>County of Fresno<br>By: R. McCarley, Deputy |

Case 1:19-cv-00598-AWI-EPG Document 1-1 Filed 05/03/19 Page 15 of 17

**CASE NAME:**
Angelica Figueroa v. Synchrony Bank

| **CIVIL CASE COVER SHEET**<br>☐ Unlimited ☑ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CASE NUMBER:**<br>19CECL03135<br>**JUDGE:**<br>**DEPT:** |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3 - violations of (1) Civ. Code §§ 1788, et seq. (2) 47 U.S.C. §§ 227, et seq. and (3) Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/27/2019

Mona Amini, Esq.
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]             **CIVIL CASE COVER SHEET**                                Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>Civil Limited Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1900 | *FOR COURT USE ONLY*<br><br>Filed<br>3/29/2019<br>Fresno County<br>By System |
| TITLE OF CASE:<br><br>Angelica Figueroa vs. Synchrony Bank | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>19CECL03135 |

**To All Parties and Their Attorneys of Record:**

Mona Amini
Kazerouni Law Group APC
245 Fischer Avenue Unit D1
Costa Mesa CA 92626

You are required to appear at a Case Management Conference on **7/31/2019** at **3:30 PM** in **Department 402** of the Court located at **1130 'O' Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.4.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one you may call an attorney referral service or a legal aide office (*listed in the phone book*).

| |
|---|
| **IMPORTANT: This hearing is not a trial. It is for the Court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.** |

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the Notice of Case Management Conference to the person who presented this case for filing.

Date: **3/29/2019**          Clerk, by  **Sonitta Lout**  _____ , Deputy

| | | |
|---|---|---|
| CV-16 R02-18 | **NOTICE OF CASE MANAGEMENT CONFERENCE** | Local Rule 2.1.4 |